SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
GREGORY F. HURLEY, Cal. Bar No. 126791
ghurley@sheppardmullin.com
MICHAEL J. CHILLEEN, Cal. Bar No. 210704
mchilleen@sheppardmullin.com
650 Town Center Drive, 10th Floor
Costa Mesa, California 92626-1993
Telephone:  714.513.5100
Facsimile:  714.513.5130

Attorneys for Defendants,
RALPHS GROCERY COMPANY and
ALPHA BETA COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Antonio Fernandez,<br><br>            Plaintiff,<br><br>   v.<br><br>Ralphs Grocery Company, an Ohio Corporation; Alpha Beta Company, a California corporation<br><br>            Defendants. | Case No. 2:20-cv-09281-PA-SK<br>Honorable Percy Anderson<br><br>**DEFENDANTS' MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION**<br><br>**DATE:**     June 28, 2021<br>**TIME:**      1:30 p.m.<br>**CRTRM:**  9A<br><br>Action Filed:   October 9, 2020<br>Trial Date:      None Set |

## I. INTRODUCTION.

Plaintiff Antonio Fernandez ("Plaintiff") -- a serial litigant -- has brought this form lawsuit against Alpha Beta Company and Ralphs Grocery Company ("Defendants") alleging that the Ralphs grocery store located at 2930 E. 4th Street, Long Beach, California violates the Americans with Disabilities Act ("ADA")[1]. In particular, Plaintiff alleges that he could not access the restroom upstairs because the elevator/wheelchair lift was not working. The Court should grant Defendants' motion for summary judgment because the elevator has been fixed and is currently working. Thus, Plaintiff's "elevator" claim should be dismissed as moot.

## II. STATEMENT OF FACTS.

### A. Plaintiff's Allegations.

Plaintiff is a professional litigant who has filed nearly 250 ADA lawsuits in the Central District as well as a myriad of others in state court. (List of Plaintiff's ADA lawsuits, attached as Exhibit A to Chilleen Decl.). In this form lawsuit, Plaintiff alleges that the subject store violates the ADA/Unruh Act because he could not access the restroom upstairs because the elevator/wheelchair lift was not working. (Complaint ¶14).

## III. ARGUMENT.

### A. Plaintiff's *Prima Facie* Case.

In order to establish a *prima facie* case for injunctive relief under the ADA, Plaintiff must show that: (1) Plaintiff is a qualified individual with a disability; (2) Defendant owned, leased, or operated a place of public accommodation; (3) the place of public accommodation is currently in violation of one or more construction-related accessibility standards; and (4) the violations denied Plaintiff full and equal access to the place of public accommodation. *See, e.g., Surrey v. TrueBeginnings*,

---

[1] The Court declined supplemental jurisdiction over Plaintiff's California Unruh Civil Rights Act claim. (Docket 18).

168 Cal.App.4th 414 (2009); *Mundy v. Pro-Thro Enterprises*, 192 Cal.App.4th Supp. 1 (2011); *Reycraft v. Lee*, 177 Cal.App.4th 1211 (2009); *White v. Square, Inc.*, 7 Cal.5th 1019 (2019); *Pickern v. Best Western Timber Cove Lodge Marina Resort* 194 F.Supp.2d 1128, 1131 fn. 4 (E.D. Cal. 2002); *Mannick v. Kaiser Foundation Health Plan, Inc.*, 2006 WL 2168877, *16 (N.D. Cal. 2006); *Indep. Living Res. v. Oregon Arena Corp.*, 982 F.Supp. 698, 727 (D. Or. 1997).

### B. Plaintiff's Elevator/Wheelchair Lift Claim Is Moot.

#### 1. Legal Standard.

Mootness is a jurisdictional defect that can be raised at any time by the parties or the court *sua sponte*." *Parr v. L&L Drive-Inn Restaurant*, 96 F. Supp. 2d 1065, 1087 (D. Haw. 2000). A case is moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Clark v. City of Lakewood*, 259 F.3d 996, 1011 (9th Cir. 2001). "The question is whether there can be any effective relief." *West v. Secretary of Dept. of Transp.*, 206 F.3d 920, 925 (9th Cir. 2000). "Past exposure to illegal conduct does not in itself show a present case or controversy . . . if unaccompanied by any continuing, present adverse effects." *Renne v. Geary*, 501 U.S. 312, 320-21 (1991). "This requisite ensures that the courts are able to grant effective relief, rather than rendering advisory opinions." *Medical Society of New Jersey v. Herr*, 191 F. Supp. 2d 574, 581 (D.N.J. 2002).

It is well-established that a defendant's remedial efforts will render a plaintiff's access claims for injunctive relief moot:

> "The only remedy available for a violation of the Americans with Disabilities Act under a private right of action is injunctive relief. Accordingly, if no ADA violations exist at the time the court is asked to provide injunctive relief, the ADA claim is moot because there is no basis for relief and there is nothing for the court to order the facility to change."

-2-
SMRH:4847-3676-4908.1      MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION

*Gasper v. Marie Callender Pie Shops*, 2006 U.S. Dist. LEXIS 96929, *4 (C.D. Cal. 2006).

For these reasons, courts routinely dismiss access claims as moot when defendants modify noncompliant items. *See, e.g.*, *Brother v. CPL Invts., Inc.*, 317 F. Supp. 2d 1358 (S.D. Fla. 2004) (holding that the defendant's modifications to the hotel rendered the plaintiffs' barrier claims moot); *Grove v. De La Cruz*, 407 F. Supp. 2d 1126, 1131 (C.D. Cal. 2005) (holding that the defendants' modifications to the restroom rendered the plaintiff's access claims moot); *Martinez v. Longs Drug Stores Corp.*, 281 Fed.Appx. 712, *714, 2008 WL 2329712, *1 (9th Cir. Jun. 5, 2008) (upholding district court's dismissal of access claims as moot because the defendant had remedied all barriers); *Pickern v. Best Western Timber Cove Lodge Marina Resort*, 194 F. Supp. 2d 1128, 1130 (E.D. Cal. 2002) ("Plaintiff concedes, as she must, that defendants' latest remedial efforts have rendered her ADA claim for injunctive relief moot."); *Wilson v. PFS*, 2007 WL 2429391, **1-2 (S.D. Cal. 2007) (holding that the defendant's modifications to its restaurant rendered the plaintiff's access claims moot); *Parr v. L&L Drive-Inn Restaurant*, 96 F. Supp. 2d 1065, 1087 (D. Haw. 2000) (dismissing plaintiff's access claims as moot because alleged violations had been corrected); *Troiano v. Supervisor of Elections in Palm Beach County*, 382 F.3d 1276, 1286 (11th Cir. 2004) (holding that defendant county's voluntary installation of audio devices in all voting precincts rendered the access class action by visually-impaired registered voters moot).

### 2. **The Elevator/Wheelchair Lift Is Currently Working.**

Defendants had to order multiple custom parts to fix the elevator/wheelchair lift. The elevator/wheelchair lift has been fixed and is currently working. [SUMF 1] (McKinney Decl. ¶2). Thus, Plaintiff's ADA claim should be dismissed as moot.

SMRH:4847-3676-4908.1

-3-

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION

## IV. CONCLUSION.

For the above reasons, Defendants respectfully request that the Court grant Defendant's motion for summary judgment and dismiss Plaintiff's lawsuit in its entirety.

Dated: May 28, 2021

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By  */s/ Michael J. Chilleen*
GREGORY F. HURLEY
MICHAEL J. CHILLEEN
Attorneys for Defendants,
RALPHS GROCERY COMPANY and ALPHA BETA COMPANY